Dykman, J.
The judgment should be affirmed on the opinion of the trial judge, printed in the case, with costs. Pratt, J., concurs; Barnard, P. J., not sitting.
The following is the opinion of the trial judge:
Barnard, P. J.
The defendant borrowed of Mr. Sharpstein $500. He furnished board to him in his life time to the amount of $500, so that the hoard bill and the note would extinguish esch other, and this was the intent of both Mr. Sharpstein and Mr. Hutchins. Sharpstein held a large note against Hutchins; the administrators sued upon this note and Hutchins put in his answer this same board bill, and it was allowc d on the large note. The $500 was thus left standing entire. Before the final disposition of the action upon the note, the administrators sold at public auction certain assets of the Sharp-stein estate, and among them the §500 claim against Hutchins. The sale was public, and Hutchins forbid the sale. W. M. Lee was the attorney for the administrators, and was present at the sale,'and bid for the claim in question ten dollars, and was declared the purchaser. Mr. Lee subsequently paid the money, and took a formal transfer of the claim to himself.
Subsequent to the recovery of judgment in the suit on the note, the administrators and Hutchins agreed upon terms of compromise. An order was obtained from the surrogate permitting it as to the judgment, but the order was silent as to the claim of $500. Hutchins believed that the purchasing by Lee was a purchase for the estate — in other words, that the claim was bid in. He had no other reason for -his belief beyond the fact that Lee was the attorney for the estate. When tac final arrangement in relation to the settlement approached completion, Mr. Hutchins refused to take a cancellation of the judgments simply, but demanded a general release. This was agreed to, and a release was given, not only for the claims included in the judgments, but also, for any claim which the estate ever had against Hutchins. Mr. Lee examined the release, and while he insisted to the administrator that he could not and sh uld not release his claim in the $500 asset, no word was spoken by which Hutchins was made aware of the fact that this claim had passed to Lee under the sale.
In equity, therefore, this case is a plain one. Mr. Lee suffered his client to release a claim he owned and to recover a large sum of money on the basis of a free settlement, which included the claim in question. He could not stand by and see his claim released and then sue for it
There should be judgment for the defendant, with costs.